(September 6, 2001)

■ CITADEL MANAGEMENT COMPANY, INC., Appellant, v MACKLOWE ORGANIZATION et al., Respondents. [729 NYS2d 891] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 24, 2000, which, on plaintiff's motion to renew or reargue the prior order, same court and Justice, entered on or about September 23, 1999, granting defendants' motion for summary judgment dismissing the complaint, granted reargument, and upon reargument, adhered to its prior determination, unanimously modified, on the law, to the extent that defendants' motion for summary judgment as to plaintiff's claim for commission on the transaction involving the building located at 310 Madison Avenue denied, and, upon a search of the record, plaintiff granted partial summary judgment for payment of the commission for the aforementioned transaction and defendants' seventh affirmative defense dismissed, the matter remanded for further proceedings to determine the amount of such commission, and otherwise affirmed, without costs.

Upon a search of the record, we find undisputed substantial evidence to demonstrate that plaintiff performed services as a finder or introducing broker for defendants in the transaction regarding the property located at 310 Madison Avenue and that plaintiff is entitled to compensation for such services. The record lacks any evidence that plaintiff performed any services that could give rise to any fiduciary duties owed to defendants (*see, Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162-163). It is clear that once plaintiff introduced the principals in the 310 Madison Avenue transaction, plaintiff was informed that its services were no longer needed. We further find evidence establishing that defendant Harry Macklowe agreed to compensate plaintiff for the finder services performed. Para-

graph 15 (b) of the contract for the 310 Madison Avenue transaction expressly states that defendant Macklowe agreed to pay plaintiff pursuant to a separate agreement. The admission of plaintiff's performance of brokerage services in the contract entitles it to summary judgment as to defendants' liability for payment (*see, Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 67). There remain triable issues of fact as to the actual amount of compensation to which the parties agreed. Therefore, the matter must be remanded to the IAS court for a determination on damages. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.